Christian, J.
These two cases were heard together. They involve precisely the same, and a single question, to wit: whether certain legacies which were bequeathed by the testators, Wm. Barrett and Samuel Miller, are subject to the tax imposed by law upon what is known as collateral inheritances.
In the first named case the legatees are three orphan asylums located in the city of Richmond. In the other, the legacies bequeathed by the will of Samuel Miller are, one to the Lynchburg Female Orphan Asylum, and the other to the Board of the Literary Fund, “to establish a school in the county of Albemarle for the education of as many poor orphan children and other white children, residents of the county, as the profits and income of the fund so devised will admit of or compass.”
*112 It is conceded that in both cases the legacies are bequeathed to corporations, and in both cases these corporations are charitable institutions.
The proceeding in the Circuit court was, by motion of the Attorney General, without any formal pleadings; and that court gave judgment for the commonwealth for the amount of the tax imposed by law. To which judgment a writ of error was awarded by this court.
These judgments are assailed here upon two grounds: 1st. That the legatees being corporations are not within the terms of 'the section of the act imposing a tax upon collateral inheritances; and 2d, if within the terms of the act, these legatees are exempted under that provision of the statute which exempts from taxation “ all personal property belonging to orphan asylums or other charitable institutions.”
Upon the first proposition that corporations are not, but only natural persons are, included within the terms of the act imposing a tax upon collateralinheritances, it becomes necessary to trace somewhat in detail the legislation on this subject.
The first act on the subject was passed on the 6th February 1844, and provided as follows: “All estate “real, personal and mixed, of every kind whatsoever, “passing from every person who may die seized or “possessed of such estate, being within this common- “ wealth either by will or under the intestate laws “thereof, to any person or persons or to bodies politic “and corporate in trust or otherwise, other than to or “for the use of a father, mother, husband, wife, “brother, sister, children or lineal descendants born “in lawful wedlock, shall be and they are hereby “made subject to a tax or duty imposed bylaw, on “every hundred dollars of the clear value thereof, and *113 “at and after the same rate for any less amount, to be “paid to the use of the commonwealth.” Sess. Acts 1843-’44, p. 9. Sec. 1.
Until the Code of 1849 this phraseology was used: “to any person or persons or to bodies politic or corporate, in trust or otherwise, other than to or for the use of a father &c. &c.” In that Code the words “ bodies politic or corporate ” were omitted, and the law taxing collateral inhei’itances was enacted in the following form: ch. 39, § 6, Code 1849: “ When any estate within this commonwealth, of any decedent shall pass under his will or the laws regulating descents and distributions, to any other person or to any other use, than to or for the use of the father, mother, husband, wife, brother, sister or lineal descendant of such decedent, the estate so passing, if of greater value than two hundred and fifty dollars, shall be subject to a tax of a certain per cent.” The act continued in this form until the session of 1855-’6, when this tax upon collateral inheritances was omitted from the tax law; which omission was declared by this court in Fox’s adm’r v. Commonwealth, 16 Gratt. 1, to operate as a repeal of the statute imposing such tax.
The law creating this tax was again enacted in 1863. The act of March 28th, 1868, § 15,provides as follows:
“§ 15. On the estate of a decedent, which passes under his will, or by descent to any other person, or for any other use than to or for the use of the father, mother, husband, wife, brother, sister, nephew, niece, or lineal descendant of such decedent, there shall be a tax of three per centum of such estate.”
This tax was again omitted from the general tax law until 1867, when-it was provided by the 3d section of ch. 64, Sess. Acts 1866-7, as follows:
*114 “§ 3. Upon any estate of a decedent which shall pass by his will, or upon his intestacy to any person other than his lineal descendants, or Mb father, mother, husband, wife, brother, sister, nephew or niece, five per centum upon the value of the amount thereof.” This last is the provision of the statute under which the tax in these cases has been imposed.
It is insisted by the learned counsel for the appellants, that, the legatees under both of these wills being corporations are not within the term or scope of the act, and it was argued with much force and ingenuity, that inasmuch as the words “ bodies corporate and politic,” and the words “to any other use than to or for the use of the father, &e.” have been left out of the present act, this omission indicates the intention of the legislature to exempt corporations from the operation of the statute, and confine it to natural persons. I do not think that this is a sound construction. That the word person in a statute may embrae'e, and does often embrace- a corporation, an artificial as well as natural person, must be conceded. Indeed the general rule would seem to be, that corporations are included in the word person unless it appears from the words of the act, or from the very nature of the act itself, that corporations are excluded from its operation. The statutory rules of construction embodied in the Code of 1849, and continued in every codification of the laws since that time to the present, declare plainly and emphatically the general principle above stated. The 17 section of chap. 16, Code of 1849, lays down fourteen rules of construction, and declares that “in the construction of all statutes the following rules shall be observed, unless such construction would be inconsistent with the manifest intention of the legislature.” In the rules following *115 this declaration of the statute law, the thirteenth rule provides that “ the word ‘ person’ may extend and be ■applied to bodies politic and corporate as well as viduals.”
The adoption of this rule of construction in 1849, accounts for the omission of the words “ bodies politic and corporate,” in subsequent acts, which, up to that time, had been used in acts imposing a tax upon collateral inheritances.
We all know that one great object of the revisors was to simplify the statute law, and relieve it from unnecessary verbiage, which ofttime obscured its meaning. The omission therefore of the words, “bodies politic and corporate,” and of the words, “ to any other use than to or for the use of the father,” &e., cannot be taken as an indication of an intention of the legislature to exempt corporations from this tax. If the word “person” in the act embraces corporations, then these words were useless and unnecessary, and were properly omitted. That word “person,” does certainly include corporations, unless the intention of the legislature is manifest that corporations were intended to be excluded. How is such intention manifested in this case? Certainly not by the terms of the act. Corporations are not in terms excluded from its operation. The omission of the word corporation does not exclude them, for the act uses a word, to wit, person, which may include them, and which must include them, unless it was the manifest intention of the legislature to exclude them from the operation of the act. Hor is there anything in the nature of the act which excludes corporations from its operation.
I admit there are statutes which, from their very nature, exclude corporations from the meaning of the word “person.” Such, for instance, are all statutes *116 declaring a person committing certain acts guilty of a felony, or other criminal offence, and affixing certain for the offence. In such cases, and others that might be. named, corporations, from the very nature of the act itself, are not included in the word “person,” for very obvious reasons. But there eerMainly i-s uothing in the nature of the law we are considering which excludes corporations from its operation. It is a law imposing a tax. Corporations are very common, and I may add, favorite subjects of taxation; and in a statute imposing taxes, the word person must be taken as embracing corporations, unless they are excluded by express terms or by the clearest implication.
It may be well to remark, that the argument of the learned counsel for the appellants would exclude not only orphan asylums and other charitable institutions from this tax, but all other corporations, so that if these views be correct, an estate which is devised to a railroad company, or a cotton factory, or to the city of Richmond, or to any other corporation, would be exempt from this tax, simply because the legatee was a corporation; because, according to the argument, only natural persons are included in the terms of the act. I cannot give my assent to such a construction.
But it is insisted as the second ground of error in the judgment of the Circuit court of Richmond, that the appellants ought not to have this tax imposed on them, because the law exempts from taxation “all personal property of orphan asylums and other charitable institutions.”
In respect to this assignment of error, it is sufficient, to say that the tax imposed in these cases is not a tax on property.
The case of Eyre v. Jacob, 14 Gratt. 422, is decisive *117 of the question, and must govern this case. Judge Lee, delivering the opinion of the majority of the court in that case, speaking of the tax upon collateral tances (which is the tax imposed upon the legatees in this case) says, page 428: “It cannot be regarded in a proper legal sense as a tax upon property. * * * * The intention of the legislature was plainly to tax the transmission of property, by devise or descent, to collateral kindred; to require that a party thus taking the benefit of a civil right, secured to him under the law, should pay a certain premium for its enjoyment. * * * That the general assembly of Virginia, in the absence of a constitutional prohibition, does possess the power to tax a civil right or privilege like this, is beyond all question. This is fully embraced within its general and comprehensive power of taxation. But it may be deduced from the very nature of the subject itself. The right to take property by devise or descent is the creature of the law, and protected by its authority.”
Having plenary powers, only restricted by the constitution, over the subject of taxation, it certainly has the power to appropriate a modicum of the estate, call it a tax or what you will, as a condition upon which those who take the estate shall be permitted to enjoy it. The legislature might, if it saw fit, prohibit bequests to all charitable institutions, and declare all such devises absolutely void. Surely it may prescribe the terms and conditions upon which such institutions may receive legacies. It may say to such institutions you may accept legacies bequeathed to you, provided you pay for the privilege a certain per centum, of the value of the property so bequeathed; and this property shall be held forever free from taxation, when it comes to your hands; but this premium you must pay for its enjoyment. It is illogical and unreasonable to *118 conclude, that because the property of such institutions, after it is acquired, is exempted from taxation* therefore they would be relieved from paying a PrerQium °R tax on the civil right or privilege of acquiring property by devise. It must, of course, be presumed that the legislature, at the time it passed the-ac^ re^ed on, exempting from taxation the personal property of orphan asylums and other charitable institutions, was aware that this court had held, that the tax here sought to be imposed was not a tax on property. Knowing, as they must have known, the law on this subject, the legislature exempt such institutions from taxation ,on personal property, and confine-that exemption to tax on property. This certainly does not embrace an exemption from a tax for the privilege or civil right of taking an estate by devise or descent.
I am for affirming the judgment of the Circuit Court of the city of Richmond.
Moncure P. and Anderson J. concurred in the opinion of Christian J.
Staples J. dissented.
Judgment arrirmed.